## Henry C. Peek, et al., v. Joseph L. Slifer.

### Gen. No. 4,505.

1.  BROKER—*when not entitled to commissions.* A broker who does
not himself produce the purchaser, but who has introduced to the seller
a person as a prospective buyer, who, however, subsequently acting
under an independent brokerage arrangement, makes a sale, is not en-
titled to a commission.

Action of assumpsit. Appeal from the Circuit Court of Ogle County;
the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at
the April term, 1905. Reversed, with finding of facts. Opinion filed
August 1, 1905.

H. A. SMITH and W. J. EMERSON, for appellants.

FRANC BACON, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of
the court.

Appellants were the owners of 280 acres of land near
Oregon, Illinois, and they employed appellee to sell it for
them, agreeing to give appellee $1 per acre if he found a
purchaser for the land at $30 per acre. Appellee took Mr.
Broderick to see the land and later introduced him to ap-
pellants; Broderick did not purchase the land, but after-
wards, in company with a Mr. Stabler, called on appellants
and arranged an agency contract by which Broderick and
Stabler were to have the agency to sell the land for appel-
lants for fifteen days; Broderick and Stabler found Hawkins
and Crom, to whom appellants sold and conveyed the land.
Slifer, who introduced Broderick, brought this suit for $1
per acre commission and recovered. A motion for a new
trial being overruled, this appeal follows.

There is no claim that the agency contract with Broderick
and Stabler and the purchase by Hawkins and Crom were
mere colorable pretenses to avoid the payment of commis-
sion to appellee; on the contrary, the good faith of the par-
ties is not questioned. Under these circumstances, the
question is presented whether a broker is entitled to com-

mission when he brings together the seller and another who, acting under a new contract of agency, finds a purchaser. We think this question must be answered in the negative. Appellee did not know either of the parties purchasing the land. When he introduced Broderick, he introduced him as a prospective buyer of the land. There was no thought of Broderick himself becoming an agent and undertaking the sale of the land. Broderick's efforts, to sell the land resulted from his independent contract with appellants and were, in no proper sense, a part of the means being employed by appellee to effect a sale.

This conclusion is sustained by the case of Baumgartl v. Hoyne, 54 App. 496, and cases there cited. See also, 4 Am. & Eng. Ency., 2nd ed., 983, and cases cited in note, especially Latshaw v. Moore, 53 Kan. 234, which is very similar in its facts to the case at bar. In this case it is said : " A broker who is employed to procure a purchaser for real estate and introduces another broker to a vendor as a purchaser, but negotiations between them are unsuccessful, and afterward the vendor in good faith employs the broker so introduced to procure a purchaser, and he thereafter produces a purchaser and is the procuring cause of the sale of the property, the second broker would be entitled to commission rather than the broker who was originally employed."

The well established law applicable in cases of this kind is, that before a broker can recover commission on the sale of property, it must appear that the efforts of the broker were the procuring and proximate cause of the sale. Watts v. Howard, 51 App. 243; Hinds v. McIntire, 89 App. 611.

Since appellee is not entitled to recover under the undisputed facts according to our view or the law applicable thereto, we deem it unnecessary to discuss other errors assigned on the record

The judgment is reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment of the court:

We find as a fact that appellee did not sell appellants' land, nor was he the procuring cause of making the sale thereof.